UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIJAH PITTMAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　　　Respondent. | Civil Action No. 15-5546 (CCC)<br><br>**MEMORANDUM AND ORDER** |

*Pro se* Petitioner Elijah Pittman, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, i.e., AO241 (modified).

In addition, Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") that contains an affidavit of indigence with a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b).

**THEREFORE**, it is on this ___21___ day of ___July___, 2015;

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the petition; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute

1

of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form— AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank habeas form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; it is further

**ORDERED** that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 071018, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, and either: (1) a complete *in forma pauperis* application, including a signed affidavit of indigence with a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b), or (2) the $5 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
**Claire C. Cecchi**
United States District Judge